**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| QUBICAAMF WORLDWIDE LLC,<br><br>Plaintiff,<br>v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection; and the UNITED STATES OF AMERICA,<br><br>Defendants. | Before: ________________________<br><br>No. 26-03743 |

**COMPLAINT**

Plaintiff, QubicaAMF Worldwide LLC, by and through its attorneys, alleges and states as follows:

**ISSUE TO BE REVIEWED**

1. Beginning on February 1, 2025, President Trump invoked the International Emergency Economic Powers Act ("IEEPA") to issue a series of executive orders ("IEEPA Tariff Orders") that imposed new and substantial tariffs ("IEEPA Duties") on goods imported from nearly every U.S. trading partner, including countries from which Plaintiff imports goods.

2. On February 20, 2026, the United States Supreme Court held that IEEPA does not authorize tariffs, such that the IEEPA Duties imposed under the IEEPA Tariff Orders were unlawful. *Learning Resources, Inc. v. Trump*, 607 U.S. ----, 2026 WL 477534, at *13 (2026), *aff'g V.O.S. Selections, Inc. v. Trump*, 149 F.4th 1312 (Fed. Cir. 2025) (en banc), *aff'g in pertinent part V.O.S. Selections, Inc. v. United States*, 772 F. Supp. 3d 1350 (Ct. Int'l Trade

2025).

3. Plaintiff is an importer as defined in 19 C.F.R. § 101.1 and paid IEEPA Duties on imported goods under the IEEPA Tariff Orders.

4. Consistent with the Supreme Court's decision holding the IEEPA Duties unlawful, Plaintiff seeks a full refund of all unlawful IEEPA Duties it has paid to the United States.[1]

**PARTIES**

5. Plaintiff, QubicaAMF Worldwide LLC, is a U.S. company, incorporated in Virginia with its headquarters in Virginia. Plaintiff is an importer of record.

6. Defendant United States Customs and Border Protection ("CBP") is a component agency of the United States Department of Homeland Security headquartered in Washington, D.C.

7. Defendant Rodney S. Scott is the Commissioner of CBP.

8. Defendant the United States received Plaintiff's IEEPA Duties and is the statutory defendant under 5 U.S.C. § 702 and 28 U.S.C. § 1581(i)(1)(B).

9. Defendants are referred to collectively as "CBP."

**JURISDICTION**

10. This Court has jurisdiction over this action under 28 U.S.C. §§ 1581(i) and 2631(i). In *Learning Resources*, the Supreme Court confirmed that challenges to IEEPA Duties "'arise out of' modifications to the" Harmonized Tariff Schedule of the United States ("HTSUS") and thus "arise out of a law of the United States providing for . . . tariffs." *See* 2026

---

[1] This Court has "all the powers in law and equity of, or as conferred by statute upon, a district court of the United States." 28 U.S.C. § 1585. Accordingly, in a civil action under 28 U.S.C. § 1581, the Court can enter a money judgment against the United States and order any other form of relief that is appropriate in a civil action. 28 U.S.C. §§ 2643(a)(1), (c)(1).

WL 477534, at *6 n.1 (cleaned up) (quoting 28 U.S.C. § 1581(i)(1)). They therefore fall within the "exclusive jurisdiction of the CIT." *Id.*

11. Plaintiff has standing to bring this lawsuit because it is an importer of goods that were subject to the IEEPA Duties implemented and collected by CBP under the IEEPA Tariff Orders. Plaintiff has paid IEEPA Duties to the United States. And because the Supreme Court has held that those duties were unlawful, Plaintiff has suffered injury caused by the IEEPA Tariff Orders. A judgment granting the relief Plaintiff seeks would redress those injuries.

## PLEADINGS

### I. Imposition of IEEPA Duties

12. Starting February 1, 2025, President Trump issued a series of executive orders imposing tariffs on imports into the United States, invoking IEEPA as the statutory basis for their imposition. The first three orders imposed tariffs on imports from Mexico, Canada, and China. *See* Executive Order 14194, *Imposing Duties to Address the Situation at Our Southern Border*, 90 Fed. Reg. 9,117 (Feb. 7, 2025); Executive Order 14193, *Imposing Duties to Address the Flow of Illicit Drugs Across Our Northern Border*, 90 Fed. Reg. 9,113 (Feb. 7, 2025); Executive Order 14195, *Imposing Duties to Address the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 9,121 (Feb. 7, 2025) ("China Tariff Order").

13. The executive order directed at Mexico generally imposed an additional 25% tariff on Mexican goods imported into the United States.

14. The executive order directed at Canada generally imposed an additional 25% tariff on Canadian goods imported into the United States.

15. The executive order directed at China imposed an additional 10% *ad valorem* tariff on Chinese goods imported into the United States. The President issued subsequent

executive orders amending the China Tariff Order, eventually raising the incremental tariffs imposed on Chinese imports to 20%. Executive Order 14200, *Amendment to Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 9,277 (Feb. 11, 2025); Executive Order 14228, *Further Amendment to Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 11,463 (Mar. 7, 2025).

16. Then, on April 2, 2025, President Trump issued Executive Order 14257, *Regulating Imports with a Reciprocal Tariff to Rectify Trade Practices That Contribute to Large and Persistent Annual United States Goods Trade Deficits*, 90 Fed. Reg. 15,041 (Apr. 7, 2025) ("Reciprocal Tariff Order"). The Reciprocal Tariff Order imposed a 10% baseline "reciprocal" tariff on nearly all imports into the United States, while making provision to raise that tariff on products of fifty-seven countries (including China) to *ad valorem* percentages ranging from 11% to 50%.

17. On April 8, 2025, in response to retaliatory tariffs from China, President Trump raised the reciprocal tariff rate on goods of China from 34% to 84%. Executive Order 14259, *Amendment to Reciprocal Tariffs and Updated Duties as Applied to Low-Value Imports from the People's Republic of China*, 90 Fed. Reg. 15,509 (Apr. 14, 2025).

18. The next day, the President suspended the higher country-specific reciprocal tariffs on all countries for ninety days, except for China, on which President Trump further raised the reciprocal tariff rate from 84% to 125%. Executive Order 14266, *Modifying Reciprocal Tariff Rates to Reflect Trading Partner Retaliation and Alignment*, 90 Fed. Reg. 15,625 (Apr. 15, 2025).

19. On July 30, 2025, President Trump issued an executive order imposing an additional 40% tariff on Brazilian products. Executive Order 14323, *Addressing Threats to the*

*United States by the Government of Brazil*, 90 Fed. Reg. 37,739 (Aug. 5, 2025); *see also* Executive Order 14361, *Modifying the Scope of Tariffs on the Government of Brazil*, 90 Fed. Reg. 54,467 (Nov. 26, 2025).

20. On August 6, 2025, the President issued an executive order imposing an additional 25% tariff on Indian products. Executive Order 14329, *Addressing Threats to the United States by the Government of the Russian Federation*, 90 Fed. Reg. 38,701 (Aug. 11, 2025).

21. Subsequent, and in addition, to the executive orders described above, the President took actions to raise, lower, or alter the scope of the duties imposed under the IEEPA Tariff Orders over time.

22. To implement the IEEPA Tariff Orders, President Trump ordered changes to the HTSUS, requiring goods subject to those tariffs to be entered under new tariff codes.

## II. Collection of IEEPA Duties

23. When goods are imported into the United States, the importer of record typically pays an estimated duty on the entry based on its customs declaration, which identifies a value, origin, and HTSUS classification for the imported goods. 19 U.S.C. § 1484.

24. CBP is responsible for assessing and collecting any tariffs on those goods, such as the IEEPA Duties. 19 U.S.C. §§ 1202, 1500, 1502. CBP subsequently fixes the final appraisement of the goods by confirming the final value, classification, duty rate, and final amount of duty for the imported merchandise. 19 U.S.C. § 1500. Once CBP establishes the final duty amount, CBP liquidates the entry, *i.e.*, formalizes its final determination of the duties owed. *See* 19 C.F.R. § 159.1; 19 U.S.C. § 1504(b).

25. Liquidation generally must occur within one year, unless that time is extended. 19

U.S.C. § 1504(a). CBP can extend liquidation for a maximum of one year based on an importer's request and a showing of good cause. 19 U.S.C. § 1504(b)(2); 19 C.F.R. § 159.12(a)(1)(ii).

26. Usually, CBP liquidates entries 314 days after the date of entry of the merchandise and posts an online notice when liquidation is complete. *See* 19 C.F.R. § 159.9.

27. After liquidation, an importer of record has 180 days to file a protest contesting the liquidation—assuming it is of the sort that can be protested—and asking CBP to "reliquidate" the entry. 19 U.S.C. § 1514. CBP can also voluntarily reliquidate within 90 days of the liquidation. 19 U.S.C. § 1501. A liquidation cannot be protested, however, where CBP has acted in a ministerial capacity (*i.e.*, without discretion) in imposing a duty, such as when CBP collects duties prescribed by presidential directive. 19 U.S.C. § 1514; *see also Rimco Inc. v. United States*, 98 F.4th 1046, 1053 (Fed. Cir. 2024).

28. On December 15, 2025, this Court confirmed that it has the authority to order reliquidation of entries subject to IEEPA Duties. *See* Opinion and Order, *AGS Co. Automotive Sols. v. U.S. CBP*, No. 25-00255 (Ct. Int'l Trade Dec. 15, 2025), ECF No. 29; *see also* Defs.' Response in Opp. to Mot. for Summ. J. at 12 n.4, *Princess Awesome, LLC v. U.S. CBP*, No. 25-00078 (Ct. Int'l Trade May 23, 2025), ECF No. 16 ("Defendants will not object to the Court reliquidating any of plaintiffs' entries subject to IEEPA duties that are found to be unlawful.").

## III. Plaintiff's Payment of Unlawful IEEPA Duties

29. On February 20, 2026, the Supreme Court affirmed a decision by the U.S. Court of Appeals for the Federal Circuit (affirming, in turn, a decision by this Court) and held that IEEPA does not authorize tariffs, meaning that the IEEPA Duties imposed under the IEEPA Tariff Orders were unlawful. *Learning Resources*, 2026 WL 477534, at *13, *aff'g V.O.S. Selections*, 149 F.4th 1312, *aff'g in pertinent part V.O.S. Selections*, 772 F. Supp. 3d 1350.

30. On February 22, 2026, CBP announced that it would no longer collect IEEPA Duties "for goods entered for consumption or withdrawn from warehouse for consumption, on or after 12:00 a.m. eastern time on February 24, 2026." Cargo Systems Messaging Service Message # 67834313, *Ending Collection of International Emergency Economic Powers Act Duties*, CBP (Feb. 22, 2026), *available at* https://tinyurl.com/44n9kmf7.

31. During the period when IEEPA Duties were collected, Plaintiff's imports entered the United States under new HTSUS codes from foreign countries, as a result of which Plaintiff paid IEEPA Duties on those imports.

32. Pursuant to *Learning Resources*, Plaintiff is now entitled to recover the unlawful IEEPA Duties that it has paid to the United States under the IEEPA Tariff Orders.

**COUNT I**

33. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 32.

34. Pursuant to the IEEPA Tariff Orders, CBP has assessed and collected IEEPA Duties from importers including Plaintiff, which the Supreme Court has now determined were unlawful.

35. This Court has the authority to order CBP to reliquidate entries on which Plaintiff paid the unlawful IEEPA Duties under the IEEPA Tariff Orders. *See* Opinion and Order, *AGS Co. Automotive Sols. v. U.S. CBP*, No. 25-00255.

36. Plaintiff is an importer of record and has suffered injury by having been required to pay unlawful IEEPA Duties imposed under the IEEPA Tariff Orders on goods Plaintiff imported into the United States.

37. Plaintiff is entitled to a refund of all IEEPA Duties it paid.

## PRAYER FOR RELIEF

For all these reasons, Plaintiff respectfully requests that the Court:

1) order CBP to reliquidate all of Plaintiff's entries that have been liquidated with the IEEPA Duties;

2) order CBP to liquidate all of Plaintiff's unliquidated entries without the IEEPA Duties;

3) order the United States to refund to Plaintiff the IEEPA Duties collected on those entries on which CBP collected the IEEPA Duties from Plaintiff,

4) award Plaintiff interest as provided by law;

5) award Plaintiff its reasonable costs, including attorneys' fees, incurred in bringing this action; and

6) grant such further relief as this Court deems proper.

Respectfully submitted,

*<u>/s/ Maureen E. Thorson</u>*
Maureen E. Thorson
Tessa Capeloto
Enbar Toledano
Joel S. Nolette
**WILEY REIN LLP**
2050 M Street NW
Washington, DC 20036
(202) 719-7000
mthorson@wiley.law

Dated: August 25, 2026

*Counsel for Plaintiff QubicaAMF Worldwide LLC*